LONNIE LEE POSLOF JR.
CDCR# BE-0659
S.V.S.P.
P.O. BOX 1050
SOLEDAD, CA. 93960
(PRO-SE)

Number of pages ___28___
Received on___8/21/2024
Scanned/emailed on___8/22/2024
by S.Tomlinson at ___SVSP
for the Northern District of California.

## THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF JR, #BE-0659, ) | CASE NO.:_____ |
| **PLAINTIFF,** ) | |
| VS. ) | COMPLAINT FOR DECLARATORY RELIEF |
| CARLOS ARCE, WARDEN OF S.V.S.P; ) | AND MONETARY DAMAGES AND FOR |
| FONSECA, ASS.DEPUTY WARDEN OF SVSP; ) | INJUNTIVE RELIEF, PURSUANT TO |
| CHARLES SCHUYLER, WARDEN OF SVSP; ) | 42 U.S.C. § 1983--"CIVIL RIGHTS ACTION" |
| TRENT ALLEN, WARDEN OF SVSP; HECTOR ) | [Fed.R.Civ.P., Rule 65(a)&(b)] |
| MORA, CORR. OFFICER AT SVSP; ANGELO; ) | |
| ANGEL, CANTEEN MANAGERS; SGT. M. MEYER; ) | "DEMAND FOR TRIAL BY JURY" |
| J. ORTEGA, ASS.DEPUTY WARDEN OF SVSP; ) | |
| R. PARIN, CHIEF DEPUTY WARDEN OF SVSP; ) | DATE:_____ |
| E. BORLA, CDW; R. MOJICA, CDW; JOSE RUIZ; ) | TIME:_____ |
| R. GAMBOA; HOWARD MOSELEY; J. GONZALEZ; ) | DEPT:_____ |
| F. VAQUEZ; R. CASTELLO; MIRANDA,LVN; ) | |
| LUPE LOPEZ; DR. COFFEY; S. SAWYER; ) | |
| CEO, LANGEVIN; J. SAN JUAN; GLOBAL ) | |
| TEL*LINK (GTL)D/B/A/"VIAPATH"; ET.AL. ) | |
| **DEFENDANTS.** ) | |

Plaintiff, Lonnie Lee Poslof Jr., # BE-0659, Alleges as Follows:

## I.
### INTRODUCTION

This is a civil rights complaint for declaratory relief and monetary damages by Mr. Lonnie Lee Poslof Jr., #BE-0659, a state prisoner at Salinas Valley State Prison, at all times relevant mentioned in this complaint. The events happened at Salinas Valley State Prison, for damages, and injunctive relief under the 42 U.S.C.§ 1983, alleging the unconstitutional living conditions of confinement at "SVSP"; denials of property, damages to property, denials of adequate medical care/medical mal-practice, failure-to-protect claims; Extortion, Embezzlement; irreparable harm causing injuries, systematic intimidation, retaliation to discourage plaintiff from attempting to access the courts and/or counsel,

"Actio Stricti Juris"--'Civil Rights', for exercising his rights to file grievances, and civil actions, AND: for being a 'Whistle Blower' in violations of the First and Eigth Amendments to the United States Constibutions; AND; Confinement in segration in the violations of 'DUE PROCESS' Clause and the "Equal Protection Clause'; and the 'Equal Employment Opportunities' denials in violations of the Fourteenth Amendment to the United States Constitution; Denials of the right to practice RELIGION, in violations of the First Amendment to the UNITED STATES CONSTITUTION; Denials of unrestricted access and communicat--ions with counsel and the courts, in violations of the First, Fifth, Sixth, Eigth, and Fourteenth amendments to the United States Constitution; AND FINALLY; Especially the DEFENDANT(S) "GTL" ('Global Tel*Link Corporations') a/d/a "VIAPATH", and their agents, persons, employyes, thereof, denials of ALL paid services and COMMUNICATIONS to the ploaintiff or any prisoner(s) being housed in segration housing or restricted housing units, (Ad-Seg or RHU), in violations of the First, Fifth, Sixth, Eigth, and Fourteenth Amendments to the United States COnstitutions as well as the newly implemented enactment by Govenor Newsom's Senate Bill No. 1008--"KEEPING FAMILIES CONNECTED ACT", requiring for immediate intervention and injuction and temporary resrtraining orders from this Disarict Court ppursuant to Federal Rules of Civil Procedure, Rule 65(a) and (b).

## II.
## JURISDICTION AND VENUE

1. This Civil Rights Action under 42 U.S.C. §1983 to redress the multiple deprivations under color of state law of rights, privileges and immunities that are guaranteed by the First, Fifth, Sixth, Eigth, and Fourteenth Amendments to the United States Constitutions; This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343;

2. This Court has jurisdiction over Plaintiff's action for Declaratory relief pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure;

3. This Court has jurisdiction over Plaintiff's action for "Emergency" Injunctive Relief also for Temporary Restraining Orders pursuant to Rule 65(a) and (b) of the Federal Rules of Civil Procedure;

4. Venue is proper in the Northern District of California (Sn Francisco Division) under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the

2.

claim occurred at Salinas Valley Stat Prison in Soledad, California in the Northern District of California.

## III.
## PARTIES

5. Plaintiff, Lonnie Lee Poslof Jr., #BE-0659, (Heretoafter referred to as "Plaintiff"), is now and at all times and individual incarcerated at Salinas Valley State Prison, (Heretoafter "SVSP"), in Soledad, California, a convicted prisoner in the custody of the California Department of Corrections and Rehabilitations, (Heretoafter as "CDCR");

6. Defendant(s), Carlos Arce, (Heretoafter as "ARCE"), was at all times relevant mentioned in this complaint as the acting Warden at SVSP, Trent Allen, (Heretoafter as "ALLEN") and Charles Schuyler (Heretoafter as "SCHUYLER"), were Chief Deputy Wardens at SVSP, who were each personally involved in the events of this complaint and are also respopsible as 'Respondeat Superior' for the supervisoion and discipline of all the staff, employee's, correctional officer's, medical personnel, and agents thereof at SVSP, additionally to not following their own implemented local rules, regulations, operations procedures, laws, especially for local rule 34.14--regarding inmate trust withdrawals and mailout funds requiring their explicit authorization and approvals prior to processing and issuance ỗf̃ of inmate trust account checks exceeding the amount of $300.00; each are hereby being sued in their individual and official capacities;

7. Defendant(s) *.Fonseca, J. Ortega, R. Parin, E. Borla, and R. Mojica, was at times mentioned in this complaint were or are the Associate Deputy Wardens at SVSP, ~~were~~ Relevant to this action and each are hereby being sued in their individual and official capacties;

8. Defendant(s), Hector MORA (Heretoafter as "MORA") and DOES 1 to 10, are Correctional Officers and at all times relevant mentioned in this complaint at SVSP, and each are hereby being sued in their individual and official capacities;

9.Defendant(s) DOES 11 to 25, are either the Correctional Staff, employees, agents, responsible for the housing units maintenance at SVSP, and failed to correct, fix, or repair the issues leading to plaintiff to remain in unsanitary and inappropriate living

conditions in violations to the Eigth Amendment to the Uniteed States Constitutions, and each are hereby being sued in their individual and official capacities;

10. Defendant(s), *Angel, Angelo, and DOES 26 to 30, are the Canteen Managers, Staff, Employees, Agents, at SVSP, A-Yard Facility, who directly and indirectly failed to comply, follow, obey depoartmental policies, rules, regulations and laws, by creating 'Hostile Working Condidtions' and "Environments' for the plaint during the entire two and half years employed in the canteen workplace at SVSP; additionally, are responsible for keeping staff complaints and other inmate grievances "Confidential". Filed by the plaintiff and disclosures of such INFORMATION to plaintiff's co-workers (Inmate Jordan and Inmate Gonzales) caused conflict and difficult working conditions, leading to injuries to the plaintiff, hereby are each being sued in their individual and suudf official capacities;

11. DEFENDANT(S), Global Tel*Link (Heretoafter as "GTL"), VIAPATH, M.Meyer, R&R Sergeant; Lieutenant *. Meredith; Captain A. Meyer, and Rabbi Struass, AT all times mentioned in this complaint relevant are employee's, staff, correctional officer, agents thereof at SVSP, and each are hereby being sued in their individual and official capacties;

12. Defendant(s), M. Rivera, L. Macias, and Howard Moseley--Chief Appeal Coordinator, and DOES 51 to 75, are employees, staff, agents, persons, thereof are responsible for the loss of funds from his inmate trust account at SVSP, stemming or was caused by or from of extortion, embezzlement, fraud, and unauthorized, excessive deductions from his account involving the loss of but not limited to the $400.00, and without the prior approvals of the warden nopr nor of the plaintiff's consent, as well as the PLRA filing dees that were not paid from his received settlement payments for each of said PLRA filing fee cases and obligations according to the Cal. Penal Code §2085.8(a)--"Prior to payment of victim's restitution direct oders" are each being sued in their individual and official capacities;

13.Defendant(s), Lieutenant Jose Ruiz, R. Bamboa, Howard Moseleym Appeal Coordinator, Khacnikyan Artom, Pyschologist, J. Gonzalez, Correctional Officer, F. Vasquez, Correctional Officer, R. Castillo, Correctional Officer, Miranda, LVN, are responsible for conducting proper and kafg: legal disciplianary hearings

accused of breaking prison rules, which due process was not given to plaintiff as required and as by the regulations, policies violates the Fourteenth Amendment to the United States Constitution, and each are hereby being sued in their individual and official capacities;

14. Defendant, Lupe Lopez (Heretoafter as "LOPEZ"), is the litigation coordinator at SVSP, who is responsible for processing and assuring all settlement agreements are fully and properly construed and fulfilled, including the dispussement of payment for the plaint--iff's PLRA obligations are met by those received settlement funds, according to the dept. policies, regulations, and the laws pursuant to Cal. Penal Code §2085.8(a)--"after payment of litigation costs approved by the court,"[...] the statute permits the settihement to pay the actual incurred litigation costs of the PLRA filing fees are of such obligation of those cases, therefore this defendant is heeeby being sued in her individual and offici--al capacities;

15. Defendant(s), Dr. Coffey,M.D.,PCP, S.Sawyer, Chief Executive Support, CEO Langevin, J. San Juan, HCARN, and DOES 76 to 100, are responsible for ensuring provisional medical care to the plaintiff specifically for the scheduling of appointments, the administering medications, and/or prescriptions when the plaintiff required them and was denied proper and adequate medical care for serious medical needs, specialized treatment, or evaluations in violations of the Eigth Amendment to the United States Constitutions, all times relevant mentioned in this compbaint while at SVSP, each are hereby sued in their individual and official capacities;

16. Defendant(s), Howard Moseley (Heretoafter as "MOSELEY") and DOES 101 to 125, are responsible for reviewing and properly resoving all administrative appeals of any custody or medical policies, regulatiosus, or practices not being adequately followed and the plaintiff filed numerous complaints, grievances, concerns, or issues needing proper attention and resobving against the above incorporated defendant(s) that required some sort of investigative remedyal services and never existed and provided to the plaintiff denies him due proces and violates the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the UNITED STATES CONSTITUTIONS, each are hereby being sued in their individual and

official capacities;

17. Defendant(s), Global Tel*Link (heretoafter as "GTL")a/b/a VIAPATH is an corporation and DOES 126 to 200, are individuals employed by GTL or VIAPATH such as the technicians, agents, persons, CEO's, CFO's, or employee's thereof, who are responsible and liable for their manufactured and services for the CDCR and SVSP's inmate issued tablets, and are responsible for the applications either paid or not such the entertainment and communication and messaging applications being fully operational and part of the signed agreements between the plaintiff and the corporations and VIAPATH being breached when and additional obligations that meet all FCC regulations and according to GOVENOR NEWSOM's "Keeping Families Connected Act" pursuant to Senate Bill No. 1008, all being denied and restricted at SVSP, and constitutes multiple violations of the First, Fifth, Sixth, Eigth, and Fourteenth Amendments to the United States Constitutions.

IV.

## FACTUAL ALLEGATIONS

18. Stariong on or about December 2022, Defendant(s) MORA, and DOES 1 to 10, conduc--ted a random systematic cell search housed by the plaintiff, (Cell #209) on A0*A0 ALPHA yard building 1, upon defendant's MORA and DOES 1 to 10 entered that cell, they discovered the pungant odor of fruit and alcohol (inmate manufactured "PRUNO") and began their search to locate the odor, which shortly found it, which was in plastic storage container that held approximately 13-14 gallons of PRUNO, Defendants MORA and DOES 1 to 10, decided to discard the contents inside that container and dumped it in the cell 209's toilet, all while making a larger mess surrounding area and cell.

19. The Defendant(s) DOES 1 to 10 and MORA, after completing the cell search, then decided to retaliate by also discarding many other items including in those items were the plaintiff's own personal property inluding but not limited to his legitmate TYPEWRITER, and for unknown reasons other than to be vindictive Defendant(s) MORA and DOES 1 to 10, had thrown the TYPEWRITER upside down into a trash can inside the staff bathroom. some inmate that was housed in this building went and told the plaintiff at his workplace (ALPHA Yard

Canteen), to explain to him that Defendant(s) MORA and DOES 1 to 10 had just "Hit Your House!" (Unquote). And the plaintiff ran back to his housing unit and entered into his assigned cell, and discovered many issues when the cell was just being searched and not appropriately so, and in a disarray. Immediately the plaintiff noticed the TYPEWRITER being missing that was usually on top of the table against the wall, also many other items were gone as well, so the plaintiff went to the building 1's officer's office, and asked Defendant(s) MORA and DOES 1 to 10, "why did you remove my TYPEWRITER" ? and was told they needed to verify the ownership of that TYPEWRITER! Unquote. Plaintiff responded that he has extensive documentation and as well as the SVSP's own paperwork (CDCR Form 1083-- "Property Inventory Sheet"), and said he'll go to the cell and retrieve them. Which the plaintiff done such then returned to Defendant(s) MORA and DOES 1 to 10, and displayed his documentation and was told bhat they'll call R&R Sergeants to verify and if it is legit- imate, they'll return it.

20. In the meantime, third watch unrealted correctional officer (BARRAGAN) was approached by the plaintiff, and asked to get a visual of his TYPEWRITER so he knows it was not tossed out with the day's hot trash cart and lost it, the officer BARRAGAN complied and escorted the plaintiff to the staff's bathroom located in the sally port by front entrance and upon the bathroom door opening both the plaintiff and officer BARRAGAN were in shock from the sight of that TYPEWRITER, being literally tossed upside down position w/ all it's compnents hanging out of it, and said to each other "That is obvious intent to be disrespectful and rude."

21. It took over (3) days for the Defendant(S) MORA and DOES 1 to 10 to supposedly verify the ownership of this TYPEWRITER when it is easy to do so by just logging onto SOMS on the computer right in front of the DEFENDANT(S) MORA and DOES 1 to 10 in their office. However, even so, while the plaintiff was at his workplace the Defendant(s) MORA and DOES 1 to 10, decides to hand this TYPEWRITER to an inmate who was told to take to the plaintiff's cell, which he did eventually, and placed it ujtuu on the plaintiff's bed. Upon the plaintiff returning home from work, he noticed his TYPEWRTTER sitting onb his

bed, he asked his cellmate (Inmate Travis Clark--Provided a signed declaration) "How did did this get here?" And his cellmate said that someone brought it back today. The plaintiff plugged the TYPEWRITER in and discover's the damages to his TYPEWRITER which was it would type wrong letters and jam on return. So, the plaintiff finds Defendants MORA and DOES 1 to 10, and asks or explains how his TYPEWRITER is damaged. The Defendant(S) MORA and DOES 1 to 10 states "602 it!" Which means to file grievance. Immediately the plaintiff does so. And Defendant(s) MOSELEY and DOES 101 to 125 deny that 602. And the plaintiff sends the grievance to the highest level of review for the damages to his TYPEWRITER and other missing items of property that was inappropriately taken and not issued any confiscation receipt which violates departmental policies and regulations as well for the retaliation and intimidation acts by the defendant(s) MORA and DOES 1 to 10, constitutes viol;ations of the Eigth and Fourteenth Amendments to the United States Constitutions.

22. Defendant(s) ARCE, ALLEN, SCHUYLER, RIVERA, MACIAS, MOSELEY and DOES 51 to 75, allowed the plaintiff's inmate trust account to be embezzled, extorted, theft, grand larceny, by another inmate (Inmate "JORGE FLORES") who somehow manged to get $54 $460.00 sent to his family members in society at "Leticia Gallardo" residence of 603 Frieda Dr, Susan, California 94585, (Check, institutional # 198-1505281) and Defendant(s) ARCE, ALLEN, SCHUYLER, RIVERA, MACIAS, MOSELEY and DOES 51 to 75 inappropriately processed or failed to properly process that institutional check, that was NOT authorized by either the plaintiff himself nor by the DEFENDANT(S) ARCE, ALLEN or SCHUYLER who were the acting Warden of SVSP at the time.

23. Pursuant to SVSP's Operational Procedures 34-13, requires Defendant(s) ARCE, ALLEN, SCHUYLER, MACIAS, RIVERA, MOSELEY and DOES 51 to 75 to follow certain layed out steps when involving inmates mailing out funds from their inmate trust accounts. And part of this procedure requires that Plaintiff to present his photo identfication card and be present before the assigned personnel (at SVSP was the inmates correctional Counselor DOES 51 to 75) and must sign in the presence of that staff member, along with the request being approved by the acting warden (Defendant(s) ARCE, ALLEN, or SCHUYLER)

9.

Check

prior to that institutional being issued and sent to the receipient, when the amount being requested is over $300.00.

24. In this case, that procedure was not followed or properly performed by each defendant(s) ARCE, ALLEN, SCHUYLER, RIVERA, MACIAS, MOSELEY, and DOES 51 to 75. This alone is violations of the defendant's own rules, regulations, policies, and procedures that leads to the check being issued and sent without the correct approvals and the Plaintiff is in loss of those funds, Plaintiff tried to stop payment upon learning of that check being sent and requested fore that check to be cancelled to defendant(s) ARCE, ALLEN, SCHUYLER, RIVERA, MACIAS, MOSELEY, and DOES 51 to 75, to no avail was told its too late. And the check was cashed by the receipient and was permitted to keep stolen funds. The Plaintiff definitely filed the appropriate forms and additionally filed for grievance to DEFENDANT MOSELEY who ultimately denied that grievance, leaving the Plaintiff at the loss of $400.00 which it was all he had from the only stimulus check received from the President TRUMP, of $1,400.00 when the defendant(s) ARCE, ALLEN SCHUYLER, RIVERA, MACIAS, MOSELEY, and DOES 51 to 75, already deducted 50% for restitution and now the plaintiff loses the remainder of $400.00- forcing him into deeper poverty, violations of the Eigth and Fourteenth Amendments to the United States Constitutions.

25. These same Defendant(s)RIVERA, MACIAS, MOSELEY, and DOES 51 to 75, have the financial responsibilities that were not properly performed of those duties, by not or correctly processing any PLRA settlement checks for the Plaintiff's PLRA Filing Fee's. The PLRA Fee's are associated with each individual case before the District Courts and upon each one of these specific PLRA case settleing the Plaintiff was told that the filing fee's were part of those settlements and that PLRA obligation would be deleted. This was not what happened and the Defendant(s) RIVERA, MACIAS, MOSELEY and DOES 51 to 75, tries to mislead the Plainfiff about the procedures, policies, rules, and laws, especially the Cal. Penal Code §2085.8(a). The Defendnat(s) RIVERA, MACIAS, MOSELEY, and DOES 51 to 75 and LOPEZ the litigation corrdinator, state that the settlement payments only are applied to PLAINTIFF"S restitution obligations and after that any remaining funds would then go

10.

towards his PLRA Obligations. However, according to the actual statute reads: "...After payment to reasonable attorney costs, and litigation costs approved by the court, the payment is to be paid towards victim's restitution orders..." Cal. Pen. Code § 2085.8(a)

26. The Defendant(S) RIVERA, MACIAS, LOPEZ, MOSELEY, and DOES 51 to 75 all refutted and refused to comply with this proper interpetation of that statute, and what actual judicial penalogical purpose would it benefit any prisoner litigator to accept any type of settlement by their defendants they suing in the District Court on prisoner civil right lawsuit? If they still are left with debt! According to Burt v. Hennessey even though that the plaintiff was not legally labeled as "Prevailing Party" but yet wins his case by the settlement througho the mandatory ADR process of the Eastern and Southern District Courts requiring hinm to go to settlement conferences and decides to end it by accepting their offer(s) and was under the impression when told by attorney that the PLRA filing fees would be desolved with that settlement payment then his restitution wouBld take the reest of that settlement agreement. How does the Courts get their fee's? Especially, when the only income that Plaintiff has is his inmate pay wage that is only $ 3 to  $ 4 per month? The PLRA can only be taken when the inmate's account exceeds $10. Makes no sense to take the entire payment from a PLRA settlement and only apply to that institution administrative fee and victim's reedstitution orders.

27. Plaintiff files his grievance for this issue to Defendant(s) LOPEZ and MOSELEY and DOES 51 to 75, who ultimately denies the allegations and accertion purported by the plaintiff and amongst him providing caselaws and the statute printout and circles and also highlights each and every word stating what that statute required. Leaving the Plain--tiff in deeper debt than before, violating his Eigth, and Fourteenth Amendments to the United States Constitutions, additionally by the inability to afford to purchase his basic necessities of life such as food, hygiene articles etc., is also of concern because he cannot achieve to increase his inmate trust account beyond $100. $10, when the Defendant(s) RIVERA, MACIAS, LOPEZ, MOSELEY and DOES 51 to 75, will take 50% for the restitutions, then additional 20% for each PLRA case times three for 3 PLRA cases he

currently has attached on his inmate trust account, but those each case have received a settlement payment. Leaving less $10.00 in his account and there is no way he is able to purchase enough food or hygiene or even writing materials to write his famiily if he obnly has $10.00 for a month. Ultimately denying him his constitutional rights of the Eigth and Fourteenth Amendments to the United States Constitutions.

28. These violations fall within ambit of the United States Consitutions, for each and every violation stated herein consitutes "Cruel and Unusual Punishment" and "Due Process and Equal Protection Clauses", by the deprivations of 'Basic Human Necessities' stemming from the excessive and unnecessary deductions for PLRA filings fee's imposed by the District Court's upon after each PLRA case has been fully adjudicate by settlement, resulting in prisoner poverty. By each defendant(s) RIVERA, MACIAS, LOPEZ, MOSELEY, and DOES 51 to 75 and 101 to 125, failing to correctly dissolve those PLRA added obligation from the Plaintiff's inmate trust account, denies him of his rights under the Eigth and Fourteenth Amendments to the United States Constitution.

29. Now here, let's address living conditions for approximately 2 to 3 years while the plaintiff was at SVSP. Defendants, ARCE, ALLEN, SCHUYLER, AND DOES 11 to 25, regarding the housing units (Buildings) on ALPHA yard, each and every building including the plaintiff housing unit had major construction issues and problems with major leaking problems. It was so bad for aprox. 2 to 3 years while the defendant(s), ARCE, ALLEN, SCHULER, MOSELEY, and DOES 11 to 25 and 101 to 125, attempted and eventually succeed with the long durational repairs to each building including but not limited to the plaintiff's housing unit, also the inmate chow hall was so grossly damaged by the water caused mold, meldew, and falling debri on the inmates including the plaintiff while consuming their meals. This shows the extent and the nature of the grossly negligence inflicted on prisoners at SVSP. Now, while the Plaintiff would wake in the morning and discover that during the night, it had apparently rained so bad or somehow caused the water to travel down the walls surrounding each cell, even ontop of their beds, where the plaintiff, woke up quite few times during the night tr--ying to find solutions to patching the leaks because he was forced to sleep in wet condit-

12.

-ions and while doing such had slipped and fell injuring himself, that caused him to suffer and continue to suffer from wanton pain. In his back and neck areas, of course the plaintiff reports these incidents which had occurred numerous times, and even filed many requests for work orders for repairs and additionally files grievances.

30. Defendant(s) ARCE, ALLEN, SCHUYLER, MOSELEY, and DOES 11 to 25 and 101 to 125, accepts the grievances and partially grants them but claims only to that some remedial was provided stating that the Plaintiff was moved to a different cell. However, it did not matter where the Plaintiff had moved, each and every single cell or building had such bad and rediculious leaking issues and he still was denied proper living conditions resulting in many damages including but not limited to wet damages to clothing, food, and personal property and appliances, many prisoners experienced this at SVSP for over 2 two period. Some prisoner's for many years until recently of the retrofitting the roof to newer roofs that eventually stopped.

31. DEFENDANT(S), ARCE, ALLEN, SCHUYLER, MOSELEY, and DOES 11 to 25 and 101 to 125, never provided any real solution to the extent of damages caused by their institutions roofs leaking on the plaintiff's property including his food at times. There were many times he had to throw such food away as well as some molded clothing articles. This also created pathways for incests and vermits to reside around and inside each cell that the Plaintiff had resided in.,.[D]ue to the fact the Plaintiff has no alternative remedies afforded other the Defendant(s) ARCE, ALLEN, SCHUYLER, MOSELEY, and DOES 11 to 25 and 101 to 125, own local grievance process and of CDCR's headquarter's final level of reviews of the plaintiff's grievance and being ultimately denied without a actual remedy. Leaves the Plaintiff to suffer and to continue to suffer irreparable harm and sustaing injuries in that period of times at SVSP housing and living conditions being grossly negligent and loss of property in the process too, consitutes violations of the right to be free from 'Cruel and Unusual Punishment' in violation of the Eight Amendment to the United States Constitutions.

32. Defendant(s) ARCE, ALLEN, SCHUYLER, ANGEL, ANGELLO, MOSELEY, and DOES 26 to 30,

including the associate deputy wardens of SVSP FONSECA, ORTEGA, and DOES 51 to 51 to 75 and 101 to 125, were fully aware of plaintiff being a 'WHISTLE BLOWER' regarding so many issues at SVSP including but not limited to the ALPHA yard Canteen and its inmate workers of the plaintiff's. Of how the staff at canteen allowed embezzlement, extortion, theft, and intimidation of prisoner's being while they shopped for their monthly canteen items.

33. Also the inmate assault, batterys, including of the plaintiff while he worked in the ALPHA yard Canteen then being victimized due to filing the grievances against the staff in canteen and the other issues regarding the theft. Any grievance that plaintiff had filed against any staff member is to be remained as 'Confidential', however, this never was the case at SVSP ALPHA Yard Canteen, the plaintiff tried to be somewhat a reliable role-model prisoner of being the one who notified the appropriate staff of any improper staff misconduct, illegal activities and theft, embezzlement, extortion, etc. at SVSP.

34. Again, this was not the case, this policies or regulation that prevents any staff including Defendant(s) ARCE, ALLEN, SCUYLER, ANGEL, ANGELLO, MOSELEY, DOES 26 to 30, and 51 to 75, and 101 to 125, to not disclose the details of who had actually submitted the grievances and the details of the actual complaint to another priosner or inmate other than the one who submitted it. Hence in this case, Defendant(s) ARCE, ALLEN, SCHUYLER, ANGEL, ANGELLO, FONSECA, ORTEGA, MOSELEY, DOES 26 to 30, 51 to 75, and 101 to 125, for some unkown reasons to the plaintiff óther than some malicious or vindictive and retalitory reasoning for the purpose to cause harm to the plaintiff, each defendaut has a duty to maintain and to provide reasonable safe working environments, as here it was a 'hostile' working envirnment for the plaintiff.

35. The defendant(s) ARCE, ALLEN, SCHUYLER, ORTEGA, FONSECA, ANGEL, ANGELLO, MOSELEY, and DOES 26 to 30, 51 to 75, and 101 to 125, apparently was not properly twained or supervised by DEFENDANTS ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA, ANGEL, ANGELLO, MOSELEY, and DOES 26 to 30, 51 to 75 and 101 to 125 by the disclosure of said grievances and complaints to plaintiff's co-workers (Inmate Gonzales and Inmate Jordan) in the ALPHA Yard Canteen workplace, of who, what, where, had filed the complaints and

14.

their conducts as well. These grievances are supposed be private and yet here the plaintiff is defending himself either by deflecting their accusations of filing against onto someone else trying avoid conflict, but ultimately the plaintiff and his co-workers go into the inamte bathroom and the plaintiff gets assaUlted and battered, which the bathroom is not recorded on camera due to obvious reasons for privacy to its purposes but this bathroom was also used by the workers to make phone calls with their cellphones and/or adminster street ilicit drugs. The plaintiff had exposed all these situations and of how he was working in hostile enviroment, but the defendant(s) ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA, ANGEL, ANGELLO, MOSELEY, and DOES 26 to 30, 51 to 75, and 101 to 125, but also to no avail. Ultimately vioaltions of the Eighth Amendment "Cruel and Unusual Punishment" to the United States Constitutions.

36. As for the religion issues, Defendants, Rabbi Strauss, and ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA and their agents thereof, violated the plaintiff's First Amendment to the United States Constitution by the deliberate, intentional, denials of the right to practice the plaintiff's religion (Judaism). And to receive the correct and appropriate associated religious diet that meets the minimum nutritional standards at SVSP, when Defendant(s) Rabbi STRAUSS, ARCE, ALLEN SCHUYLER, FONSECA, ORTEGA, MOSELEY, AND DOES 101 to 125, had denied to provide the appropriate vegtables, meats, and other necessary fruits as part of Plaintiff's religous KOSHER DIET regimen, so the Defendant(s) ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA, RABBI STRAUSS, MOSELEY, and DOES 101 to 125, refuted Plaintiff's arguments about receiving ONIONS (Whole) when the general population was receiving them on their meals but not the KOSHER DIET participants including the Plaintiff.As well as the inadequate nutritional and caloric value of the KOSHER (TV DINNER'S) meals being way short and tiny compare to the regular meals.

37. To receive a somewhat decent or reasonable KOSHER DIET as the other CDR institutions have provided to the Plaintiff, there should not be any seperation in the between of institutions when the laws, rules, regulations, and constitutions required that each prisoner is to be of equalty and must receive as any other inmate is receiving

15.

under same KOSHER DIET regimen's as the Plaintiff situations, this falls within ambit of the FIrst and Eigth and Fourteenth Amendments to the United SAtates Constitutions, this includes being denied proper caloric intake nutritional leading to the plaintiff suffering from malnutrition. Therefore, the Plaintiff was forced to remove himself from the SVSP Religious Diet (KOSHER) Program due to the aforementioned reasons. While the defendant(s) ARCE, ALLEN, SCHUYLER, FONSECAS, ORTEGA, RABBI STRAUSS, MOSELEY, And DOES 101 to 125, who each all were aware of these individual claims and yet still denied the plaintiff's grievances relating to these asserted claims, of the lacking nutritional v--alues of less than the minmum of 2000 to 2500 calories per day is definite unconsti--tional at SVSP.

38. Under the RLUIPA and RFRA it requires that the Defendant()ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA, even RABBI STRAUSS, MOSELEY, and DOES 101 to 125, to provide an adequate and appropriate religious diet even a KOSHER DIET, that is reasonably adequate in nutrition and meets the necessary requirements as the religion being practiued by the Plaintiff, this is NOT the case at SVSP. Therefore, ultimately denys Plaintiff his right to practice 'Judaism' and not getting the meal due to insufficient and inadequate nutritiojn needed, making very dificult and stressful for the plaintiff to perform certain, accept or practice that religion when [he] is always struggling with being hungry all the time, denial of his rights under the First, Eigth amendments to the United States Constitutions

39. Defendant(S), ARCE, ALLEN, SCHUYLER, ORTEGA, FONSECA, M. MEYER, R. PARIN, E. BORLA, R. MJICA, LT. MIRIDETH, S. MILAWIZ, J. SMITH, R. BONILLA, LAGUARDIA, MOSELEY, A. MEYER, and DOES 31 to 50, have violated the plaintiff's consititutional rights to due process and equal protection clause as well as equal employment opportunites, when the plaintiff was wrongfully and inappropriately kept from his work assignement for the unrelated RVR, and for denial of proper due process for the same RVR disciplinary hearing. Defendant(s) ARCE, ALLEN SCHUYLER, ORTEGA, FONSEWCA, M. MEYER, R. PARIN, E. BORLA, R. MOJICA, LT. MIRIDETHÝ, S. MILEWIETIZ, J. SMITH, R. BONILLA, LAGUARDIA,

KHACNIKYAN, ARTOM, MOSELEY, and DOES 101 to 125 and 31 to 50, refused to permit or call upon the plaintiff for his work assignment of the ALPHA yard canteen, when the Plaintiff filed his grievances regarding the denial for calling himn to work everyday, discovered the reason(s) for the denials.

40. Defendant(s) ARCE, ALLEN SCHUYLER, FONSECA, ORTEGA, LT. MIRIDETH, AND MOSELEY, and DOES 31 to 50, 101 to 125, explained to the plaintiff that he is being stopped from his job assignment due to an RVR that hasn't been adjudicated and also due to the reasons for the RVR being related naracotic possession of 2 ounces of herion an celluar devices, the plaintiff was not supposed have or be in any job assignm,ent that involves monies or places that he could distribute the naracotics. After the denial of the said Grievances, the plaintiff sent the grievance to Sacramento and was granted his relief, stating the "FOr the inpropriate denial of work assignment for unrelated to jobassignment effenses cannot be reaasons fo r denial of that job assignment for it was RVR not related to his current job assignment and to stop inappropiately keeping him from canteen job assignment..." However, even successful of winning the grievance the plaintiff was also supposed to receive paymnet for each day withheld from his r work assignment, which was approximately 4-5 month period. The defendant(s) ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA, AND LT. MIRIDETH, MOSELEY, and DOES 31 to 50, and 101 to 125, failed to issue him his due payment of inmate pay wages for that period of missed days by this deliberate and intentional deprivation of fair and equal employ-ment opportunities denies him his right to human necessities as food and hygiene when he could not purchase due to no payment of job assignment pay wages during those months, violates the Eigth and Fourteenth Amendments to the United States COnstitutions.

41. Defendant(S) ARCE, ALLEN, SCHUYLER, FONSECA, ORTEGA, LT. MIRIDETH, MOSELEY, M. MEYER, R. PARIN, E. BORLA, R. MOJICA, S. MILETIWIZ, J. SMITH, R. BONILLA, LAGUARDIA, KHACNIKYAN, MOSELEY, ande DOES 31 to 50, 51 to 75, 101 to 125, also violated due process of aforementionoed RVR at that disciplinary hearing by the denials of calling witnesses, including but limited to the reporting officer J. GONZALES, ISU Officer and plaintiff's

own cellmate at the time (Inmate Ruben Carnero) who had the possession of the cellphones and also the location of discovery of the naracotics herion (approx. 2 ounces) was in a 'common' 'area' and accessible to his cellmate CARNERO and this was never allowed into the hearing, as well many other denial of due process violations such as not being given an Investigative Employee when his a participant of the mental health program of CCCMS and MHMDS requires that any inmate in disciplinary hearing is to be provided an IE to conduct and due to the fact that the plaintiff was placed into administrative segregaration housing and/or restricted housing is definitely incapable of gathering his evidence or testimony evidencce for the hearing. Additionally, the plaintiff was also found guilty of much more serious offense than a criminal court of law found him under the standards of beyond a reaonable doubt, of "possession for distribution" basically means-for sale. But, the Court found him guilty for simple possesion of drugs while being a prisoner in Monterey Superior Court.,The defendant(s) ARCE, ALLEN, SCHUYLER, ORTEGA, FONSECA, R. PARIN, M. MEYER, E. BORLA, R. MOJICA, S. MILEWIETIZ, J. SMITH, BONILLA, LAGUARDIA, LT. MIRIDETH, MOSELEY, KHACNIKYAN, J. GONZALES, and DOES 31 to 50, 51 to 75, and 101 to 125, violated the plaintiff's due process and equal protect clauses and equal employment opportunities clauses in violation within ambit of the Fourteenth Amendments to the United States COnstitutions.

42. Ok, Now, For the Medical Claims, Defendant(s) ARCE, ALLEN, SCHUYLER, ORTEGA, FONSECA, Dr. COFFEY,M.D., PCPO, KHACNIKYAN, MIRANDA, CEO,-LANGEVIN, S. SAWYER, J. SAN JUAN, and DOES 70 to 100, have denied the plaintiff of adequate and reasonable medical care for his serious medical needs by deliberate indifference and callous disregard for his serious medical needs resulting in injuries and emotional and physical distress, in violation the United States COnstitution of the Eigth Amendment. While the Plaintiff was on ALPHA yard at SVSP, he experienced many complications, invo-lving procedural (MEDICAL) and outside hospitalizations and treatment for his stomach and colon and intestents which was discovered the pulips and liesion in his stomach, which made the plaintiff suffer from malnutrition and additionally he was diagnosed

with Hepatitis C positive, and received the Hepatitis C treatment and successfully completed and was cured of that disease but as a direct proximate result from the acts or failure to act by the defendant(s) ARCE, ALLEN, SCHUYLER, ORTEGA, FONSECA, DR. COFFEY, KHANCIKYAN, MIRANDA, CEO LANGEVIN, S. SAWYER, J, SAN JUAN, MOSELEYR, and DOES 70 to 100 and 101 to 125, by the denials of treatment such as but limited by the denials of providing the plaintiff his entire prescribed LNS (LIQUID NUTRITIONAL SUPPLEMENT) also known by BOOST, to regain his health, regardless of his BMI (BODY MASS INDEX) being normal or as they say "OBESITY" but also the only way to get the LNS drinks was through the kitchen staff at SVSP, this alone violates so many rules, regaulations, and laws goeverning the administering of medicine.

43. Due to the fact that the Plaintiff was required to obtain a doctors prescription to receive the LNS, it made BOOST his prescrption and therefore became medical personnel required to administer not custodial staff including the kitchen staff at SVSP. It is inappropriate because who is not a medical educated professional to administer such prescription, including the fact it took almost two weeks before the plaintiff would appear on the LNS distribution list in chow hall denying him his (30) day supply as ordered by the PCP. Each time he would get the prescription renewed he would inform the defendant DR. COFFEY that the kitchen staff would ONLY provide him half of the prescribed LNS as ordered but yet continued to ignore the information, so the plaintiff filed both merdical and custody grievances whch subsequently were denidd, and that is the definition of 'deliberate indfference' to a 'serious medical need.' Ultimately denies the plaintiff his Eigth Amendment to the United States Constitution.

44. Defendant(s) GTL, VIAPATH, ARCE, ALLEN, SCHUYLER, ORTEGA, FONSECA, and MOSELEY, and DOES 126 to 200, are responsible for for the state issued tablets. The Plaintiff was and is currently been housed in Restrictive Housing a.k.a. Ad-Seg, and based false allegations of "Battery of Staff" his privilege group was stripp stripped and meaning his tablet applications are also restricted denyimng him all paid services and entertainment application phone communication and messaging applications to his

respective attorney of record (Erik Helgesen Lic# 13740 of the Utah State Bar and Paul Danziger of the Texas State Bar) as well as his immediate and distant family members that icluding his terminally ill elderly grandmother who 95 years old ready to die at any moment, this denial of communications is very distressing and inappropriate when the U.S. Suprme Court has ruled in many caselaw stating, "it serves no reasonable penalogical interests to deny communications of prisoners between their loved ones...."[...] and that it violated the families and the prisoner's constitutional tights of Cruel and Unusual Punishment of the Eigth Amendment to the United States Constitution.

45. Due to the fact that Defendant(s) GTL AND VIAPATH and their agents, employees, thereof are outside corporations and companies, they are not subjected to the grievance process and the possible relief available to the plaintiff, throught a civil rights complaint or by state tort actions, here, the plaintiff seeks his remedy throuh=gh this casae because this is not the first and it is currently happening to him now and must ask the court for additional remedies that orde r the Defendant(s) ARCE, GTL, VIAPATH, ALLEN, FONSECA, ORTEGA, MOSELEY, and DOES 126 to 200, to comply and obey Gov. Newsom's newly enacted Senate Bill No. 1008--"KEEPING FAMILIES CONNECTED ACT" which currently is not being followed by the total restrictions on the plaintiff's tablet while being in segregation housing which is even more so a violation of the Eigth Amendment, but is also denying him the right to confer, consult, seek , legal advice, and to prosecute and litigation previous active cases, civil and criminal matters denies the plaintiff his Fifth, Sixth, and Fourteenth Amendments to the United States COnsitutions. If the Defendant(s) GTL AND VIAPATH offer or provide one prisoner an application of the tablet it MUST provide to the plaintiff, regardless if [he]or [him] is housed in a 'restric- -tive housing. It cannop without violating the constitution and the state senate'e enactment at the same time constitutes a triable fact before a jury and the court shall as in "ACTIO STRICTI JURIS" because the legislative intent when passing that enactment was for the families both with the prisoner to have reasonable and affordable communications without any restrictions that is why they are free statewide, finally, the calls are

also recorded and monitored by the Defendant(s0 GTL, VIAPATH, ARCE, ALLEN, SCUYLER, ORTEGA, FONSECA, MOSELEY and DOES 126 to 200, and is permitted on;ly for calls to non legal purposes, but it does violate the FIFTH, SIXTH, FOURTEENTH AMENDMENTS to the UNITED STATES CONSTITUTIONS wqhen they are recorded and monitoered during a call between the plaintiff and his respective counsels and other legal entitiesd, companies, organizations, etc. as it denies them the right to confer confidentially as it is a protection espec--ially ~~bewe~~ between attorney and his perspective client. **THEREFORE**, the plaintiff will for Motion for injuctive relief and temporary emergency orders pursuant to Federal Rules of Civil Procedure, Rule 65 (a) and (b) (SEE ATTACHED MTION FOR INJUCTIONS AND TRO'S)

## V.
## EXHAUSTION OF ADMINSTRATIVE REMEDIES

46. The Plaintiff has fully exhausted his adminstrative remedies with respect to all asserted claims and all asserted defendants; Which the plaintiff has each and every exhausted grievances and Governemnt Claims Denail (If sent), to such claims as he has aforemention in this complaint, and there are many more related but un--exhausted claims and defendants which the plaintiff also be submitting his latter requests for leave to amend or supplement his compaliants upon those exhaustions have been finally completed. Otherwise it is imperative that the Court is aware of the extent the intimidation and retaliation has exceeded the reasonable and exceptable level and will require additional provisional injunctive relief possibly for temporayry placement into Federal Protection for his life is in imminent danger if not provided protection regarding these claims  for the defendants all work same employer and are statewide at every institution under that authorit̸y.

## VI.
## PRAYER FOR RELIEF

47. <u>WHEREFORE</u>, The plaintiff respectfully prays for the folowwing relkef:

1. Issue a declaratory judgment ~~tatih~~ that the defendant's actions cpmplained of

21.

herin violate plaintiff's rights of the First, Fifth, Sixth, Eigth, and Fourteenth Amendments to the ▌ United States Constitutions; and State Tort violations, and other--wise each defendant acted under color of the law and knew or should have known that the plaintiff's respective rights were being violated on information and belief of the substantial risk of irreparable harm causing injuries to plaintiff incliµding but not limited physcial injuries, physical and emotional distress, by the deliberate indiffer--ence to serious medical needs of the plaintiff resuling in injury, that violates the United States Constitutions;

2. The Claims for property or ████ property damages by the defendants MORA and DOES 1 to 10 violated the plaintiff's rights under the Eigth Amendment tothe United States Constitution and constitutes a state tort;

3.Award Compensatory Damages in the amount oµ $500,000.00 =, to each defendant jointly and severaly against each defendant;

4. Award Punitive Damages in the Amount of $500,000.00 to each defendant, joµntly and severaly against each defendant;

5. For Injunctive Relief ordering ALL defendants including or especially the defendant(s) CARLOS AREE, Current acting Warden at SVSP, and GLobal Tel*Link "GTL" a/b/a "VIAPATH and their agents, employees, persons, thereof to follow as:

A. Immediately reinstate the plaintiff's ALL PAID APPLICATIONS and ALL OF THE COMMUNICATION APPLICATIONS INCLUDING THE MESSAGING APPLICATION, on his state-issued GTL Tablet, and under no cirstance is these applications be restricted and the PHONE APPLICATION MUST BE NOT BE RECORDED OR MONITORED IF IT IS TO A NUMBER TO ANY LEGAL OFFICIAL, ATTORNEY, PARALEGAL SERVICES, AGENCY, COURT, OR APPROVED LEGAL ORGANIZATION AS LISTED IN THE TITLE 15 REGARDING LEGAL CORRESPONDENCE, to be CONFIDENTIAL, all other calls can be as recorded and monitored pursuant to the laws, regulations, and rules of the CDCR and ███ SVSP policies required;

B. To not ever "restrict' the plaintiff's applications on his state-issued GTL tablet as means of `punishment', especially the communication and LEXISNEXIS applications;

6. Award the plaintiff his actual incurred costs is this action including the filing fee of $350.00;

7. Award any other available relief the court finds and deems just and proper.

DATED:
08|21|2024

RESPECTFULLY SUBMITTED,

LONNIE LEE POSLOF JR.---PLAINTIFF

## VII.
### VERIFICATION

I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT I AM A PARTY TO THIS ACTION AND OVER THE AGE OF (18) YEARS, AND THAT I HAVE READ AND AGREE TO EACH AND EVERY CLAIM AND FACT OR INFORMATION WITHIN THIS COMPLAINT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

EXECUTED HERBY ON THIS 21ST DAY OF AUGUST, 2024, I HAVE SUBMITTED THIS COMPLAINT TO THE ASSIGNED PERSONNEL FOR E-FILING AND IT WAS SUBMITTED IN THE COUNTY OF MONTEREY, CALIFORNIA.

RESPECTFULLY SUBMITTED,

LONNIE LEE POSLOF JR.--PLAINTIFF

//
///
//////

23.

# CIVIL COMPLAINT